FILED



1:01 pm, 6/4/24

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| LEX AUGUISTE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MEMORIAL HOSPITAL OF SWEETWATER COUNTY, MEGAN JACOBSEN GUESS, *also known as* Megan Jocobson,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00105-SWS |

**MINUTE ORDER**

　　　　MINUTE ORDER entered by the Honorable Mark L. Carman.

　　　　IT IS HEREBY ORDERED:

　　　　On May 29, 2024, the Honorable Mark L. Carman held an informal discovery conference with counsel Gregory Asay, for the Plaintiff, and Randall Rea, for the Defendants. The parties discussed five separate topics regarding Plaintiff's interrogatories or requests for more discovery.

　　　　The first topic was Plaintiff's #15 interrogatory regarding electronic communications of specifically named individuals within the time constraint of April 1, 2021 to January 1, 2022. The specific search terms were: bullying, bully, black man, retaliate, retaliation, gay, and Plaintiff's given name. Defense explained the limitations of the search engine for Defendant's email system, more specifically the excessive amount of non-relatable email communications that are included when utilizing the Plaintiff's given name. The Court ORDERS Defendants to provide the results of the following search terms by June 7, 2024: bullying, bully, black man, retaliate, retaliation, gay, and intimidation. Furthermore, if certain documents have been reviewed that include Plaintiff's given name, those shall be included in the documents being produced. The parties are welcomed to contact the Court if additional issues remain in this regard following examination of the supplied documents.

　　　　The next topic dealt with Plaintiff's #6 interrogatory regarding any communication that references Plaintiff's name from board members, human representatives, executive team members, managerial or supervisory individuals, and co-workers. Defendants argued the interrogatory was worded overly broad, and the Court disagreed, but made clear if Defendants want to file a motion objecting to the Court's determination they may do so. The Court ORDERS Defendants to produce the search results and/or a privilege log for any missing documents.

　　　　The third topic covered Plaintiff's #12 interrogatory, requesting information on any grievances raised between January 1, 2021 to December 31, 2021, either internally or externally,

involving Plaintiff while he was working at Memorial Hospital of Sweetwater County. Defendants state they have produced everything that is responsive to this request, yet Plaintiff states Defendant has not identified the documents provided which are in response to this request. The Court ORDERS Defendants to identify which documents are responsive to the inquiry. Defendants shall provide direction as to responsive documents by June 7, 2024.

The fourth topic dealt with missing pages or gaps in the Bates numbering for discovery. Defendant explained its Bates numbering system.  No further action is required by Court.

Finally, the fifth topic covered Plaintiff's interrogatory #3. Plaintiff asked for all performance write-ups, suspensions, or other complaints made regarding other similarly situated OBGYN doctors working at Memorial Hospital of Sweetwater County. To defense counsel's knowledge, there were no performance issues regarding either doctor. The Court ORDERS Defendants to confirm the lack of any complaints or other performance issues regarding the other similarly situated OBGYN doctors and provide its confirmation to Plaintiff by June 7, 2024.

Dated this 4th day of June, 2024.